

**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

**Peachie L. Jones**
Municipal Attorney

July 11, 2023

Hon. Marian W. Payson
United States Magistrate Judge
100 State Street
Rochester, New York 14614

Hon. Mark W. Pedersen
United States Magistrate Judge
100 State Street
Rochester, New York 14614

    Re:    <u>July 13 Conference re: 30(b)(6) Depositions</u>
               *Dempsey v. City of Rochester,* 19-cv-6780 (EAW)(MWP)
               *Gursslin v. City of Rochester,* 20-cv-6508 (EAW)(MJP)
               *Anniszkiewicz v. City of Rochester*, 20-cv-6629 (FPG)(MWP)
               *Cox v. City of Rochester,* 22-cv-6207 (FPG)(MJP)
               *McGill v. City of Rochester,* 22-cv-6523 (EAW)(MWP)
               *Barnes v. City of Rochester,* 22-cv-6524 (EAW)(MJP)
               *Preston v. City of Rochester,* 22-cv-6525 (EAW)(MJP)

Dear Judge Payson and Judge Pedersen:

      Defendant City of Rochester responds herein to Plaintiffs' June 19 letter about the parties' recent disputes pertaining to the 30(b)(6) deposition noticed in *Dempsey* (19-cv-6780). Defendant appreciates the Court's additional time on these matters.

**<u>Scope of the 30(b)(6) Deposition</u>**

      The parties have had multiple discussions (over several months) regarding the scope of the proposed 30(b)(6) deposition, and finally had a conference[1] with Judge Payson on May 17, 2023 in order to resolve these disagreements. Later that day, Defendant emailed Plaintiffs asking if they planned to abide by Judge Payson's advice and recommendations in the May 17 Conference. Plaintiffs ultimately agreed to do so on June 6, and Defendant sent (on June 8) a proposed stipulation

---

[1]

memorializing the resolution. Plaintiffs then requested that an additional paragraph be added (regarding questions unrelated to the specified topics), which Defendant objected to, for two reasons: (1) Defendant did not want to waive any objections by including this paragraph in the Stipulation and Order, and (2) because it was not discussed at the Conference, Defendant was unsure that Judge Payson would be willing to so order that additional language.[2]

The parties continued discussing this additional paragraph, until on Friday, June 16, Defendant emailed Plaintiff stating,

> "I do not want to move for a protective order to gain the relief that has already been outlined by the Court. As such, please agree to the stipulated order without the paragraph re additional topics by <u>Monday, June 19 at 7pm</u>, so I know if I need to file a motion next week. Please know that I will probably seek sanctions under Rule 37 if I have to seek a protective order. (I am letting you know, in order to eliminate any surprise.)"[4]

On Saturday, June 17, 2023, Plaintiffs emailed Defendant the content and case law included on pages 2-4 of their Monday, June 19 letter to the Court (without any request to respond by a particular date or time). Defendant did not have an opportunity to respond to Plaintiffs' Saturday email before Plaintiff's counsel filed his letter to the Court on June 19, a City holiday. The undersigned saw Plaintiffs' June 17 email and June 19 letter on Tuesday, June 20 after returning to the office.

---

[2] Plaintiffs had not previously raised this issue with counsel or with the Court over the course of months. The parties filed a joint letter regarding the contested scope of the 30(b)(6) deposition on May 4, 2023. (Dempsey, 19-cv-6780, ECF 68) This issue (of the permissibility of questions outside the established scope) was not raised in the letter to the Court, or (by Plaintiffs) to the Defendant in the August 2022, December 2022, January 2023, or May 2023 Meet and Confers about the scope of the 30(b)(6) deposition.

[4] Defendant rejects Plaintiff's characterization of their communication as a threat. Rules 26(c)(3) and 37(a)(5) allow an award of costs to the party who succeeds on a protective order motion or motion to compel, which Plaintiffs' counsel well knows because he has sought such costs against the City in other matters.

It is unreasonable to equate Defendant's lack of response to a weekend email with a refusal or declination to change their position. Defendant did not see Plaintiffs' email, because Defendant's counsel did not check work email over the three-day weekend.

Plaintiffs' inquiry at the 30(b)(6) deposition should be limited to the agreed upon topics, and the Court should bar Plaintiffs from inquiring into areas outside of those areas.

Although the two cases identified by Plaintiffs permit deponents to answer questions not outlined in the notice, courts may decide and direct otherwise. *FTC v. Vantage Point Servs., LLC*, No. 15-cv-6S, 2016 U.S. Dist. LEXIS 79890, at *6 (W.D.N.Y. June 20, 2016); see also *A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, 2013 U.S. Dist. LEXIS 167800, at * (D. Conn. Nov. 26, 2013).

Rule 26 is broad, but discovery is not "unfettered," because the Court also enjoys "broad discretion" in overseeing discovery. *In re Air Crash near Clarence Ctr.*, No. 09-cv-769S, 2013 U.S. Dist. LEXIS 163926, at *4-5 (W.D.N.Y. November 17, 2013). The Court must limit discovery when discovery is "unreasonably cumulative or duplicative" and when the requesting party has had ample opportunity to obtain the sought discovery, and may limit discovery in other situations. FED. R. CIV. P. 26 (b).

Plaintiffs have already taken (or plan to take) twenty-two depositions in these cases, which include named defendants, other Rochester Police Department ("RPD") officers, and third parties: three in *Anniskiewcz*,[5] three in *Barnes*,[6] three in *Cox*,[7] five in *Dempsey*,[8] five in *Gursslin*,[9] two in

---

[5] Officers Cala (Named Defendant ("ND")), Clark, and Trenton (ND).

[6] Celentano (ND) and Fry.

[7] Officers Brock, Caruso, and Vanbrederode (ND).

[8] Officers Algarin (ND), Gorman (ND), Horowitz, and Rudolph, and [third party] Reno DiDomenico.

[9] Officers Kelly (ND), Nellist (ND), Rivera (ND), Springer (ND), and [third party] Nigrelli.

3

*McGill*, and two in *Preston*.[10] Plaintiffs have asked almost each RPD officer about training received on dog interactions, use of force, entry into residential properties, and Body Worn Camera Video, in addition to the facts specific to each incident, and other dog shooting incidents.

Questioning into areas beyond the 30(b)(6) topics would only duplicate the questions already asked (or that could be asked) of these twenty-two deponents. Instead of having the 30(b)(6) witness speak to these oft-discussed issues, Defendant requests the Court order the parties and 30(b)(6) witness to focus on the 30(b)(6) questions and answers, by restricting the questions to those noticed and resolved by the Court.

It is worth repeating, this single deposition applies to *seven* cases: *Anniskiewicz*, *Barnes*, *Cox*, *Dempsey*, *Gursslin*, *McGill*, and *Preston*. A focused deposition serves the interests of all involved in preparing for and obtaining quality testimony on these issues. Fact discovery closes in October 2023 or January 2024, so Plaintiffs have additional time to subpoena others should additional questions arise.

**Scheduling the 30(b)(6) Deposition and Extending the 30(b)(6) Deposition Deadline**

Judge Payson, Judge Pederson, and the parties discussed discovery in these seven dog cases in January 2023. The parties met, conferred, and proposed a detailed discovery schedule, which the Court ordered on January 25, 2023. (*Dempsey*, 19-cv-6780, ECF 63) Given the number of extensions that have already occurred in these cases (see Chart outlining scheduling orders in these seven cases (Exhibit to Defendants' Opposition to Motion to Extend *Monell* deposition deadline), *Dempsey*, 19-cv-6780, ECF 71-6 and/or *Gursslin*, 20-cv-6508, 82-6) and the amount of time the Court and parties

---

[10] Officers Ortiz and Osipovitch.

4

invested in creating the Joint Scheduling Order, Defendant has a strong preference to—and have made considerable effort—to abide by that order.

On April 24, 2023, Defendant proactively notified Plaintiff's counsel that they had limited availability in August 2023; they were only available on August 1, 8, 9, 21, 22, and 23 for the 30-b-6 deposition. In that email, Defendant stated, "If the earlier dates in August do not work, you should probably ask to extend the deadline for the 30-b-6. It is supposed to be done by August 18, but vacations have us out of the office…" (Defendant included the post-deadline dates as a courtesy and in an effort to minimize additional extensions and delay.) In the multiple, subsequent responses to Defendant's email, Plaintiffs did not address scheduling the 30(b)(6) deposition.

On May 24, 2023, Plaintiffs' counsel served twelve subpoenas or notices of deposition. The parties consistently communicated from May 24 onward, in order to schedule these depositions in June, July, and August.

On June 5, Defendant emailed Plaintiffs stating "Just a reminder that we haven't scheduled the 30(b)(6) yet. You proposed depos on August 7, 8, and 9 when my witness and I do not have many available days available in August before the August 18 deadline." In response, Plaintiff suggested that "[i]t might make sense to push the 30(b)(6) deadline back a few weeks[.]" Defendant said that would depend on "how long 'a few weeks' was" and asked why Plaintiffs did not raise this sooner given Defendant told Plaintiffs in April that Defendant has limited availability in August. After Plaintiffs declined to propose a specific timeframe by which to schedule the 30(b)(6) deposition, Defendant declined to "extend the deadline to some undetermined point in time." Plaintiffs had, however, said they would be happy to set a date for the 30(b)(6) deposition, so Defendant resent their availability for August. Plaintiffs responded by suggesting a month extension.

On Friday, June 9, Defendant replied, "I believe I have said this before, but for the sake of clarity: I want to follow the scheduling order that we agreed to and has been ordered in these cases. If

5

you want to hold the 30(b)(6) deposition after scheduling these individual-officer depositions, you need to move the Court for an extension." Plaintiffs said that if Defendant did not agree to modify the scheduling order, Plaintiffs would write to the Court "early next week." That evening, Defendant stated,

> "You and I had a lengthy conference in January 2023 with both Judge Payson and Judge Pederson, and then you and I met and conferred in order to hammer out a proposed scheduling order. You proposed ending all discovery in April 2023, but I suggested that we provided ourselves *more than enough time* to complete discovery. That led to multiple intermediate discovery deadlines and a final discovery deadline of October 18, 2023—literally six months later than you indicated (in January 2023) that you would need.
> We provided ourselves plenty of time to complete discovery. I see no good reason to further delay these cases.
> You are, of course, welcome to disagree and move the Court to modify the scheduling order."

Defendant continued emailing Plaintiffs about scheduling the other officer depositions.

Finally, on the Juneteenth holiday, Plaintiffs moved the Court for an extension of the 30(b)(6) deposition deadline.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Plaintiffs have not demonstrated good cause to amend the deadline—and only lightly discussed any legal standards applicable to amending the scheduling order.

Good cause principally depends on whether the moving party was diligent in seeking to comply with the scheduling order, although the Court has wide discretion in this determination. *Nelson v. Gleason*, No. 14-cv-870A, 2018 U.S. Dist. LEXIS 53323, at *7 (W.D.N.Y. Mar. 29, 2018).

> "Factors for determining good cause and the diligence of the moving party include 1) the imminence of trial; 2) whether the request is opposed; 3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; 4) prejudice to the non-moving party; and 5) whether further discovery is likely to lead to relevant evidence[.]"

Plaintiffs have not demonstrated diligence in scheduling the 30(b)(6) deposition. Defendant initiated a conversation to schedule the 30(b)(6) deposition in April 2023, and since then have

reminded Plaintiffs on multiple occasions of the upcoming scheduling deadline. Defendant opposes extending the scheduling orders, and expressly communicated their position to Plaintiffs. Defendant told Plaintiffs to move the Court to amend the scheduling order in April, and Plaintiffs inexplicably waited until late June to do so—all while knowing the 30(b)(6) deposition needed to occur.

Plaintiffs first noticed this deposition in July 2022 and agreed to its increased significance by extending its applicability to the three more-recently filed dog cases in February and March 2024 (i.e., Scheduling Orders in *Barnes* (22-cv-6524, ECF 12), *McGill* (22, cv 6523, ECF 12), *Preston* (22-cv-6525, ECF 12)). Despite this, Plaintiffs neglected to ensure the deposition would be held in a timely manner.

In an effort to cooperate in good faith, Defendant agreed to hold the deposition after the ordered deadline for 30(b)(6) depositions—and clearly stated their position that they would not agree to any adjournments.

Plaintiffs' lack of diligence, as the "principal consideration" in this decision, is alone sufficient to deny the application to modify the schedule, but the Court "also *may* consider other relevant factors" such as prejudice to the parties. *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (emphasis added). Whether or not to consider prejudice, or lack thereof, is entirely within the Court's discretion. For instance, in *Thomas v. Conagra Foods, Inc.*, No. 6:20-CV-06239-EAW-MJP, 2022 U.S. Dist. LEXIS 154226, at *11-12 (W.D.N.Y. Aug. 26, 2022), District Judge Wolford adopted the Report and Recommendation of Magistrate Judge Pedersen, approving of Judge Pedersen's assumption that "even if Plaintiff had shown that Defendants would incur no prejudice as a result of granting leave to amend the complaint, the lack of prejudice would not outweigh Plaintiff's failure to show that she had exercised diligence." *Id.* at 11.

In any case, here, Defendant does suffer prejudice by the ongoing delay of these matters as Plaintiffs fail to adhere to the carefully planned discovery schedule. However, if the delay is minute—

7

extending the 30(b)(6) deposition date to August 22—and is not further extended by Plaintiffs, then Defendant would be willing to consent to this brief (final) extension.[11]

**Proposed Resolution**

Defendant, therefore, proposes to resolve all the outstanding issues in the following manner: [i] the *Dempsey* 30(b)(6) deposition will be held on August 22, [ii] according to Judge Payson's guidance in the May 17 Conference and limited to the topics for inquiry, except that topics 5, 6, 8, 9, 11, 12, 13, and 14 are waived/withdrawn because Plaintiffs have yet to provide that information to Defendant,[12] and [iii] no further extensions of the 30(b)(6) deposition deadline will occur. The *Gursslin* 30(b)(6) deposition notice will be deemed withdrawn.

Respectfully,

*/s/ Peachie L. Jones*
PEACHIE L. JONES
Municipal Attorney
p: (585) 428-7992
Peachie.Jones@CityofRochester.gov

---

[11] Plaintiff issued a 30(b)(6) deposition notice in *Gursslin* (20-cv-6508) in November 2022, which set the deposition for January 24, 2023. Because the parenthetical on the pages 1-2 of Plaintiff's June 19 letter is the first time Plaintiff has mentioned the *Gursslin* 30(b)(6) deposition in some time, Defendant is unsure whether Plaintiffs still intend to take this deposition, and if they will propose an additional extension to accommodate that deposition.

[12] The Court advised Plaintiff to withdraw Topic 5, and instead, identify and provide specific topics that are not already listed in Topic 1.

Regarding Topics 6, 8, 10, 11, 12, 13, and 14, Plaintiffs were advised to identify with specificity the documents that Defendant has not produced and provide that list to Defendant. If the parties cannot resolve any dispute regarding the adequacy of the productions, then the parties can request further assistance from Judge Payson. In the parties' proposed stipulation, Plaintiffs would have provided this list to Defendant City by no later than Monday, June 26, 2023.

Topic 9 is withdrawn.