UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTORIA PRESTON,

                                   Plaintiff,

          -against-

MITCHELL LEACH, CITY OF ROCHESTER,                    Case no. 22-cv-6525-CDH
                                   Defendants.

**MEMORANDUM OF LAW IN REPLY
AND IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

## INTRODUCTION

Defendants reply briefly herein.

## ARGUMENT

## THE COURT SHOULD DISMISS THIS CASE.

Ms. Preston's case law does not prevent the Court from considering these issues. The Court should decide the merits and dismiss the Complaint.

**Ms. Preston argues contrary to her prior statements in an attempt to avoid dismissal.**

Ms. Preston argues—without basis—that that she only "began moving out" two weeks before the incident. The cited deposition sections (i.e., 14:4-8, 14:13-24, 24:7-24) do not support or even relate to this newly-made assertion. Pl. Opposition, ECF 69, pgs. 6, 15. Page twenty-four of her sworn deposition testimony even undercuts her characterization of being "in the middle of" moving out (*id.* at 15), because she declined to correct or qualify any her responses to repeated questions that expressly referenced "mov[ing] out." Preston Deposition Transcript ("Tr.") 24:14-23. Her characterization is clearly opportunistic.[1] Months ago, in opposition to her summary judgment decision, Ms.

---

[1]    This motion has revealed another example of opportunistic statements by Ms. Preston. In her motion for summary judgment, Ms. Preston stated that she had not observed the dog bite the officer, implying that the dog's aggressiveness and the imminent risk was in dispute. The Court relied on this averment in its summary judgment decision. "Plaintiff—who was in the living room and witnessed the incident—has stated under penalty of perjury that she did not see Zyria bite Leach and that she had never known Zyria to bite or attack anyone. (Dkt. 39-2 at ¶¶ 30-31)." *Preston v. City of Rochester*, No. 6:22-cv-06525 EAW, 2024 WL 4266528, at *6 (W.D.N.Y. Sept. 23, 2024).

In opposition to this motion, Ms. Preston unabashedly acknowledges that the dog "bit his [Officer Leach's] pant leg." Pl. Opposition, ECF 69, pg. 8.  Apparently now that Defendants' summary judgment has been denied, Ms. Preston is willing to *now* admit

Preston *twice* affirmed that she "had had moved out of the home approximately two weeks before[.]" Pl.'s [First] Counterstatement of Undisputed Facts (ECF 39-1), ¶ 1; Pl. [Second] Counterstatement of Undisputed Facts (ECF 45-1).  She also described 1100 Norton as *Mr. Hurt's* home [2]—not her home or residence.  Pl.'s [First] Counterstatement of Undisputed Facts (ECF 39-1), ¶ 1. Ms. Preston may have had belongings there, but it was not her residence.

**Ms. Preston does not address her trespassing and the new tenant**.

Ms. Preston completely ignores the sworn testimony of her ex-boyfriend, Michael Hurt that he had rented the apartment to someone else, which suggests that she had no intention of returning. She declares that she "exercise[ed] dominion and control over the apartment" as if that legitimizes her presence there or grants her a possessory interest in the pet dog. Pl. Decl, ECF 69-3, ¶ 14. Squatters also profess to exercise dominion and control over a vacant building.

Ms. Preston, however, does admit that she intended to be at 1100 Norton for a temporary emergency. Pl. Opposition, ECF 69, pg. 17. Her cited sworn testimony states: "I went to go back *home at 485 Avenue D* and my uncle had left for work. So I was locked out of the house. So I called up Michael and I asked him if me and the baby could come there *for a few hours* because I was locked out and *that I would leave when my uncle got home.*" Pl. Opposition, ECF 69, pg. 17 (citing Preston Tr. at 50:9-17 (emphasis added)). In that passage, she also refers to her uncle's apartment as her "home." She did not reside at 1100 Norton.

---

that the dog was close enough to grab his pant leg and did in fact rip it, i.e., that the dog presented an imminent and actual risk of harm to the officer.

[2] Hurt was (mis)spelled at Herd.

**The Court should ignore Ms. Preston's sham affidavit.**

Ms. Preston also claims that she "maintained her continuous intention to keep and care for Zyria." Pl. Opposition, ECF 69, pg. 7. Ms. Preston's only support of this "continuous possessory interest" is her recently executed affidavit—a sham affidavit. Pl. Opposition, ECF 69, pg. 7. This document—with its headings and legal terms—was clearly written by her attorney to attempt to save her case. Parties may not submit affidavits that contradict their prior sworn testimony, so Plaintiff's recent declaration must be excluded. Pursuant to the "sham affidavit doctrine" or "sham issue of fact doctrine," a court may reject a party's affidavit that either directly contradicts or provides information omitted from the deposition testimony. *Moll v. Telesector Resources Group, Inc.*, 760 F.3d 198, 205 (2d Cir. 2014). Ms. Preston even contradicts herself within the declaration by stating first that she had "moved out" and then saying that she "had not completely moved out." Pl. Decl., ECF 69-3, ¶¶ 6, 7. This new characterization is contrary to her prior statements and the Court should reject it.

**Courts have not required express statements of abandonment.**

Ms. Preston repeats that she never expressly disclaimed her possessory interest in her dog. Pl. Opposition, ECF, pgs. 6, 13-14, 16, 18. This is not dispositive. Courts determine intent by looking to all the relevant facts: what individuals said and did and other <u>objective</u> factors. *United States v. Lee*, 916 F.2d 814, 818 (2d Cir. 1990). No court has established express denial as a required element of abandonment. Ms. Preston cannot escape that her words and actions demonstrate that she had no intention of returning and had abandoned her personal property.

3

**<u>Ms. Preston's remaining legal arguments and references are misplaced.</u>**

Ms. Preston's departure did not create a bailment, since she never owned the dog. Pl. Opposition, ECF, pgs. 19. Moreover, in *Lehman v. Lehman*, the husband testified that "he permitted his wife to retain the artwork at the White House with the understanding that he owned it and could repossess it anytime he wished." *Lehman v. Lehman*, 591 F. Supp. 1523, 1524, fn.3 (S.D.N.Y. 1984).  The husband also, "[o]n several occasions during this period, [...] demanded that the artwork be returned to him." *Lehman,* 591 F. Supp. at 1525. None of those facts are present here.

Ms. Preston cared for Zyria at most half of the time. Hurt Tr. at 106:24 - 107: 14. Even if, *arguendo*, the Court equates Ms. Preston's statements that she fed and exercised the dog with being the dog's "primary caretaker" (Pl. Opposition, ECF 69, pg. 2, 24, Preston Tr. 42:25-45:2), that does not negate that Ms. Preston abandoned the dog by moving out of the apartment and leaving the dog behind.

*People v. Natal*, 75 N.Y.2d 379, 383 (1990) concerns property seized by police officers during arrest—which is completely opposite of this situation. Unlike Ms. Preston, arrestees have no choice but to relinquish their property.

Ms. Preston misinterprets NYS AGRIC. & MKTS. § 331. An animal is not *solely* deemed abandoned when left with a veterinarian and not retrieved. Pl. Opposition, ECF 69, pg. 20. This is a single set of circumstances, not the *only* set of permissible circumstances that constitutes abandonment.

It is irrelevant (to possessory interest) that some courts might consider a pet dog a "special category of property," particularly when Ms. Preston did not treat this dog in any

4

"special way" when she left Zyria behind with the rest of her shoes and toiletries when Ms. Preston moved out. Pl. Opposition, ECF 69, pg. 22; Preston Tr. at 27:13-18.

New York State Domestic Relations Law does not apply, because Ms. Preston and Mr. Hurt were never married. Hurt Tr. at 35:18-23; Pl. Opposition, pg. 6 (dating).

## CONCLUSION

For the foregoing reasons (and those in our initial motion), Defendants respectfully request that the Court grant Defendants' motion to dismiss the Complaint for lack of standing and subject matter jurisdiction, and award Defendants such other relief as the Court deems proper.

Date: March 5, 2026

PATRICK BEATH
CORPORATION COUNSEL

By: _____
Peachie L. Jones, Esq., Of Counsel
*Attorneys for Defendants*
30 Church Street, Room 400A
Rochester, NY 14614
(585) 428-7992

To the following via ECF:

Elliot Dolby Shields ROTH AND ROTH LLP
192 Lexington Avenue, Suite 802 New York, NY 10016
(212) 425-1020   |   eshields@rothandrothlaw.com
*Counsel for Plaintiff*

5