UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTORIA PRESTON,

                                    Plaintiff,

          - against -

THE CITY OF ROCHESTER, a municipal entity,
POLICE OFFICER MITCHELL LEACH,

                                    Defendants.

Case No.: 22-cv-6525 (CDH)

**DECLARATION OF ELLIOT DOLBY SHIELDS, ESQ.
IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION IN LIMINE FOR QUALIFIED IMMUNITY OF
OFFICER LEACH**

I, Elliot Dolby Shields, Esq., pursuant to 28 U.S.C. § 1746, hereby declare and state as follows:

1.       I am an attorney duly admitted to practice law in the State of New York and before this Court. I am associated with the firm Roth & Roth, LLP, attorneys for Plaintiff Victoria Preston in the above-captioned action. I make this declaration in support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine for Qualified Immunity of Officer Leach.

2.       I have personal knowledge of the facts set forth herein, except where stated on information and belief, and if called as a witness, could and would testify competently thereto.

3.       Attached hereto as **Exhibit 1** is a true and correct copy of the Verdict Sheet, including Special Interrogatories, from *Dempsey v. City of Rochester*, No. 6:19-cv-06780-MJP (W.D.N.Y.), in which a jury returned a verdict on January 30, 2026, finding the individual defendant officer liable for the Fourth Amendment unreasonable seizure of the plaintiffs' dog. In answering the special interrogatories on qualified immunity, the jury found that even though the

1

dog "presented as offensive aggressive," the officer had "sufficient time" and "sufficient ability to use a nonlethal method of control."

4.      Attached hereto as **Exhibit 2** is a true and correct copy of the Buffalo Police Department Manual of Procedures, Section 10.4(C), governing "Vicious, Wild or Rabid Animals." This policy prohibits officers from discharging a firearm at a dog where any possibility exists that a person will be struck by a bullet.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of relevant excerpts from the deposition transcript of Lieutenant Peter Nigrelli of the Buffalo Police Department, who testified as a Rule 30(b)(6) designee regarding the Buffalo Police Department's policies, training, and practices with respect to dog encounters.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of the Expert Report of James W. Crosby, M.S., Plaintiff's expert on canine behavior and police use of force in animal encounters, in *Preston v. City of Rochester*, No. 22-cv-6525 (W.D.N.Y.). Dr. Crosby opines, *inter alia*, that Officer Leach "did not attempt to deploy any of the less-lethal means of defense directly available to him" and that Officer Leach's use of deadly force "was needless and reckless as seen from the standpoint of any reasonable police officer."

7.      Attached hereto as **Exhibits 5 through 8** are true and correct copies of photographs of the interior of the apartment at 1100 Norton Street, Rochester, NY (the incident location) at the time of the incident. These photographs depict the kitchen and living room areas where the shooting occurred, including household items—such as a vacuum cleaner, Christmas tree, bucket, and lampshade—that were within arm's reach of Officer Leach and could have been used as barrier objects rather than resorting to deadly force.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
        March 24, 2026

_____/s/_____
Elliot Dolby Shields
Roth & Roth, LLP
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 425-1020
eshields@rothandrothlaw.com

3